Leonard vs. Smith.

## No. 675.

### A. H. LEONARD ET AL. VS. W. T. SMITH ET AL.

The question is whether a minor, who was never represented by a tutor during his minority, loses any of his rights or property by prescription, or by a failure to reinscribe his mortgage within ten years of its inscription, the mortgage having been given, and the ten years having expired, before the term of his minority. It must, however, be stated that the succession of the minor's father was represented by an administrator, who was in office when the prescription, if any, accrued.

There is, of course, a difference between a debt and the mortgage which is given to secure the payment of that debt. Acknowledgment of the debt takes it out of prescription; but acknowledging a debt does not operate as reinscription of the mortgage which was given to secure the payment of the debt. They are substantial and distinct acts, each differing from the other, and producing different results. Therefore, to keep alive both the debt and the mortgage which is on the verge of being prescribed, the debt must be acknowledged and the mortgage must be reinscribed.

The position taken by defendant that, as he was a minor and unrepresented when prescription attached, he is not affected by the fact of non-inscription of the mortgage, is not correct, as the facts of the case do not bring him within the line of protection which he invokes.

The succession of the minor's father was represented by an administrator. It is true the administrator has filed what he calls a final account, which has been homologated, but he has not been discharged from his trust, and, until discharged, his office continues; so that the succession was represented, and the note with regard to which this litigation springs was the property of the succession. If the administrator has failed to do what was necessary to collect the note and secure the mortgage attached to it, he may be responsible for his neglect, but his neglect can not deprive others of rights acquired even in consequence of his neglect.

As regards the fact that the mortgage was declared to have been canceled in the books of the mortgage office by the plaintiffs, that fact is of no significance. The mortgage would have prescribed without any entry having been made relative thereto. It was the lapse of time which prescribed it, and not the declaration that it was canceled.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney*, J.   A. H. *Leonard*, for plaintiffs and appellees.   *Land & Taylor*, for defendants and appellants.

MORGAN, J.   William T. Smith obtained judgment against L. M. Nutt, the judgment recognizing and enforcing a mortgage on a certain piece of property, under which judgment he caused the property mortgaged to be seized.

Mark Parsons, one of the plaintiffs herein, alleges that a portion of the property seized belongs to the community which existed between his wife, deceased (whose succession he administers), and himself, it having been purchased from Nutt in April, 1866.

Leonard claims that he is part owner in indivision of the undivided quarter interest in parts of lots one and two of the lands seized, which was formerly owned by Nutt, and which he, Leonard, acquired at a sheriff's sale made to effect a partition in the suit of Crain vs. Kendall et al.

They both aver that the judgment rendered in the case of Smith vs. Nutt can not affect them or their rights, as they were not parties thereto. They aver that the mortgage claimed by Smith in the case of Smith vs. Nutt was prescribed when the suit was instituted; that Smith attempted to reinstate the mortgage by causing the same to be reinscribed, but that the reinscription could not affect their rights; that the mortgage was extinguished by prescription.

Leonard alleges that he purchased the property at sheriff's sale under a mortgage certificate which declared that no such mortgage as the one which was claimed by Smith existed on the property bought by him; that the proceeds of the sale were paid over to the sheriff, and that if Smith had any mortgage on the property he should have looked to the proceeds of the sale, and can not now proceed against the property, which was legally and properly sold.

Both plaintiffs allege that the action of Smith and the sheriff, in attempting to sell their property, is illegal, and they enjoin the sale thereof. Smith admits that he sued Nutt and that judgment was rendered in his favor, and he avers that all the allegations contained in his petition in that suit are true, and he annexes that petition to his answer and makes them a part thereof. He further avers that his special mortgage on the property in question was illegally canceled by order of the present plaintiffs during his minority, when he was unrepresented by a tutor, and that said cancellation is absolutely null and void. He avers that his judgment against Nutt, recognizing and ordering his special mortgage to be enforced, was a valid judgment, and binding on the plaintiffs herein, who, he avers, were entitled to no notice of the proceedings, as the act of mortgage contained the pact *de non alienando.* He further avers that the mortgage was not prescribed, as prescription did not run against him while he was without a tutor, guardian, or other representative. He prays for a dissolution of the injunction, with damages.

Defendant's petition in his suit against Nutt represents that his father died in 1860, leaving him a minor of seven years of age and an orphan; that one McCloud was appointed administrator of his father's succession; that he filed an account of his administration in March, 1867, which account was a final one and was duly homologated; that among the assets of his father's succession, of which he was sole heir, was a promissory note drawn by L. M. Nutt and N. E. Wright, dated twenty-third February, 1860, payable to the order of his father on the first of January, 1861, for the sum of twenty-one hundred and fifty dollars, which note was secured by mortgage upon the property which is now before us; that Wright is dead and his succession insolvent; that Nutt had made various payments on said note up to the first of January, 1864, which payments interrupted prescription thereon, and that on the first of January, 1874,

he made other payments and acknowledged that the note was due. He averred that his mortgage had never become prescribed, because he was a minor from the date the note became due until the fifteenth of June, 1874, for the reason that he never had any tutor appointed to represent him, and because he was incapable of acting or of understanding his rights during his minority.

The question which the appellant presents for our solution is, can a minor, who was never represented by a tutor during his minority, lose any of his rights or property by prescription, or by a failure to reinscribe his mortgage within ten years of its inscription, the mortgage having been given and the ten years having expired before the term of his minority ? To which, however, must be added the statement that the succession of the minor's father was represented by an administrator, who was in office when the prescription, if any, occurred.

There is, of course, a difference between a debt and the mortgage which is given to secure the payment of that debt. Acknowledgment of the debt takes it out of prescription, but acknowledging a debt does not operate as a reinscription of the mortgage which was given to secure the payment of the debt. They are substantive and distinct acts, each differing from the other, and producing different results. Acknowledgment of the debt revives it. Reinscription of the mortgage keeps alive the security. But the debt may exist, and the security may be discharged. Therefore, to keep alive both the debt and the mortgage, which is on the verge of prescription, the debt must be acknowledged and the mortgage must be reinscribed. But the defendant contends that, as he was a minor, and unrepresented when prescription attached, he is not affected by the fact of non-reinscription of the mortgage.

If we were to admit the correctness of this position, with regard to which, however, we express no opinion, still the facts of this case do not bring him within the line of protection which he invokes. The succession of his father was represented by an administrator. So far as this record discloses, it is still under administration. It is true the administrator has filed what he terms a final account, which has been homologated, but he has not been discharged from his trust, and, until discharged, his office continues; so that the succession was represented. The note with regard to which this litigation springs was the property of the succession. It was the duty of the administrator, who had it in his hands, to collect it, and to preserve the mortgage by which its payment was secured. If he has not done so, he may be responsible for his neglect, but his neglect can not deprive others of rights acquired even in consequence of his neglect.

As regards the fact that the mortgage was declared to have been canceled on the books of the mortgage office by the plaintiffs, that fact is

of no significance. The mortgage would have prescribed without any entry having been made relative thereto. It was the lapse of time which destroyed it, and not the declaration that it was canceled.

We think the judgment of the district court, which was in favor of the plaintiffs, is correct.

Judgment affirmed.